STATE OF MAINE

KENNEBEC, ss.

ELIZABETH L. ADAMS,

Petitioner

v.

MAINE BOARD OF SOCIAL
WORKER LICENSURE,

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-41,
SKS- KEN - 2/23/2004

**DECISION ON MOTION
TO DISMISS**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 17 2004

This matter comes before the court on the respondent's motion to dismiss the petition on the ground that it was not filed in a timely manner. After reviewing the facts concerning filing and the law on this subject, the motion will be granted.

**Facts**

The petitioner is a licensed social worker in the State of Maine, subject to the disciplinary jurisdiction of the Maine Board of Social Worker Licensure (Board). On May 19, 2003, following a hearing, the Board issued a written decision reprimanding the petitioner and ordering payment of costs, among other things. The decision included a statement of the petitioner's appeal rights stating, "Any party that appeals this Decision and Order must file a Petition for Review in the Maine Superior Court within 30 days of receipt of this Order." The decision was sent to the petitioner under cover of a letter from the Board's Complaint Coordinator dated May 20, 2003, which called attention to the appeal rights set forth in the Decision and Order.

In response to the Decision, the petitioner wrote a letter to the chairperson of the Board dated June 18, 2003, and sent a copy to the Kennebec County Superior Court. That letter stated that it was a notification to the chairperson that Ms. Adams was

intending to file a petition for review by the Superior Court. However, the letter itself was not a petition and did not contain a summary sheet, a copy of the Decision that was being appealed and the filing fee. Therefore, the clerk of courts properly returned the copy of the letter to Ms. Adams with a notice of incomplete filing. Adams responded with the summary sheet and copy of Decision and filing fee, under cover of letter dated June 25, 2003, but not received by the court until July 3, 2003. During this period, Ms. Adams had been representing herself, but indicated in her last cover letter to the clerk that she would have an attorney representing her after July 1, 2003.

By motion dated July 15, 2003, filed on July 17, 2003, the respondent Board moved to dismiss the petition on the ground that it was not timely filed.

## Discussion

This appeal is being brought pursuant to the Administrative Procedures Act, which requires that a petition for review be filed within 30 days after receipt of the notice by a party to the proceeding of which review is sought. 5 M.R.S.A. § 11002(3). The affidavit of Kaidena Neumann, the Board's Complaint Clerk, indicates that the Decision and Order was sent by certified mail to Adams and that the receipt for that mail was signed for on May 27, 2003. Therefore, the appeal would have to have been filed by June 28, 2003, in order to be timely. Moreover, in returning the incomplete filing to Ms. Adams, the clerk's notice emphasizes in bold letters, "If there was a deadline for filing, that deadline has NOT changed." The only conclusion that can be reached is that the petitioner, though trying hard, simply missed the statutory filing deadline.

In her objection to the motion to dismiss, through counsel, the petitioner points to the fact that during the filing period she was representing herself and doing the best she could as a layperson. While the court does not doubt that this is true, petitioner's

self-representation does not gain her any special consideration. *New England Whitewater Center, Inc. v. Department of Inland Fisheries & Wildlife*, 550 A.2d 56 (Me. 1988). Unfortunately for the petitioner, the Law Court has spoken clearly on the effect of the statutory time limit set forth in 5 M.R.S.A. § 11005, as follow:

> Judicial enlargement of a statutorily provided period of appeal is not possible . . . the APA makes no provision for an extension of the time limitations on judicial review. We now state expressly that the Act's time limitations are jurisdictional.

*Brown v. State Department of Manpower Affairs*, 426 A.2d 880, 887-888 (Me. 1981). The motion to dismiss must be granted.

The entry will be:

Respondent's motion to dismiss is GRANTED and the appeal is DISMISSED and REMANDED.

Dated: February 23, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __7/3/03__     Kennebec     Docket No. ____AP03-41____

County

Action __80C Appeal__

Elizabeth Adams
PO Box 158
Ellsworth ME 04605

Maine Board of Social Work Licensure

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ferdinand Slater, Esq.<br>5 School St.<br>Ellsworth ME 04605 | Robert Perkins AAG<br>State House Sta 6<br>Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 7/3/03 | Copy of Petition for Review with attached Decision, filed. s/E. Adams, Pro se Petitioner. |
| 7/7/03 | Case File Notice issued to E. Adams. |
| 7/15/03 | Original*Petition, filed. s/E. Adams. (filed 7/11/03) (Petition with original signature. Petition filed on 7/3/03 did not contain an original signature) |
| 7/17/03 | Response of Maine Board of Social Worker Licensure, filed. s/Perkins, AAG<br>Motion to Dismiss, filed. s/Perkins, AAG.<br>Motion for Enlargement of Time, filed. s/Perkins, AAG.<br>Affidavit of Kaidena Neumann, filed. (attachments) |
| 7/18/03 | Motion to Dismiss, filed. s/Perkins, AAG |
| 7/21/03 | MOTION FOR ENLARGEMENT, Studstrup, J.<br>The Court hereby extends the time for the respondent to file the administrative record until 30 days after the Court rules on motiont o dismiss. Copies mailed to Pltf. and atty. |
| 7/22/03 | Entry of Appearance on behalf of Petitioner, filed. s/F. Slater, Esq. |
| 8/8/03 | Petitioner's Answer and Objection to Motion to Dismiss, filed. s/Slater, Esq |
| 8/12/03 | Reply Memorandum of Respondent on Motion to Dismiss, filed. s/Perkins, AAG |
| 10/8/03 | Hearing held 10/7/03 on Motion to Dismiss with Studstrup, J., Presiding; F. Slater, Esq. for Petitioner and R. Perkins, AAG for the Respondent. After hearing, <u>matte taken under advisement.</u><br>**No Courtoom clerk and hearing not recorded.** |
| 2/24/04 | DECISION ON MOTION TO DISMISS, Studstrup, J. (dated 2/23/04)<br>Respondent's motion to dismiss is GRANTED and the appeal is DISMISSED and REMANDED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |